# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA PATRON-RETTICK,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN NAKAMOTO; and PETER NGUYEN,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-CV–1939-LJO-SKO<br><br>**ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Glenda Patron-Rettick ("Plaintiff") filed a complaint on November 29, 2012, asserting a claim against Defendant John Nakamoto ("Nakamoto") and Peter Nguyen ("Nguyen"). (Doc. 1.) Plaintiff states that Nakamoto is a pretrial services officer who inadequately supervised parolee Marc David Butler ("Butler") by delivering substandard reports to the San Jose court. (Doc. 1.) Plaintiff alleges that Butler was unfit for probation, and Nakamoto failed to report that Butler's mental and physical health were declining. (Doc. 1.)

According to Plaintiff, Nakamoto failed to perform any home visits, and Butler "took up residence under a bridge on Hamilton [Avenue] in San Jose, [California]." (Doc. 1, 1:11-13.) Plaintiff also asserts that Butler's health declined as Butler rode a bike to attempt to visit Nakamoto. Ultimately, Nakamoto "gave the case to Peter Nguyen when he could not handle [Butler] any longer and he broke up his ties with John. Peter Nguyen did nothing about capturing [Butler]." (Doc. 1, 1:20-21.)

Subsequently, Plaintiff hired Butler to do some home repairs on her house in Kern County. Ultimately, Plaintiff was attacked by Butler, and Plaintiff sustained a broken nose and a concussion. (Doc. 1, 1:22-25.)

## II. DISCUSSION

Venue is generally proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In assessing venue, the court should look to the entire sequence of events underlying the claim with a focus on the defendants' rather than the plaintiff's actions. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001).

As Defendants in this case appear to reside in San Jose, California, and the events giving rise to this action allegedly occurred in San Jose, California (i.e., Defendants' alleged failure to properly supervise Butler), venue does not appear proper in the U.S. District Court for the Eastern District of California, and the case should have been filed in the U.S. District Court for the Northern District of California. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte).[1]

## III. CONCLUSION

Accordingly, this action is HEREBY ORDERED TRANSFERRED to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   January 15, 2013                    /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes no position on whether the complaint states a cognizable claim or whether subject matter jurisdiction lies in a federal court. As such, the Court also takes no action with respect to Plaintiff's motion to proceed in forma pauperis.